UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 21-CR-00185-003-EGS |
| | : | |
| CHRISTOPHER MOLINA-GARCIA, | : | |
| Also known as "Casper" | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENENCING**

The United States of America, by its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in Aid of Sentencing. As set forth below and pursuant to its plea agreement, the government requests that the Court sentence the Defendant, Christopher Molina-Garcia, to a term of incarceration of sixty-six months followed by three years of supervised release. In support of this sentence, the government states the following:

**FACTUAL AND PROCEDURAL BACKGROUND**

The Defendant is a member of the transnational criminal street gang known as "18th Street." The 18th Street gang is currently active in urban and suburban areas of the United States. 18th Street members are required to commit acts of violence to further the interests of the gang. These violent acts are often directed against rival gang members, internal members who have violated gang rules or otherwise disrespected the gang, and persons who are suspected of cooperating with law enforcement. 18th Street members are also known to sell and transport narcotics, weapons and other contraband to generate money to support gang criminal activities. As a result, some of the proceeds are often wired to gang leadership in El Salvador, Guatemala or Honduras. 18th Street members are known to control geographical areas and use violence to maintain their control. At the time the defendant committed the crimes alleged in the indictment, the 18th Street gang was active in the Washington, D.C. area, and was committing acts of racketeering within the District

of Columbia, and elsewhere.

On September 17, 2029, four members of 18th Street, including Defendant Molina-Garcia, confronted a group of four rival gang members at the Georgia Avenue-Petworth Metro Station at approximately 3:30 pm. The confrontation was captured on surveillance video. The footage shows Defendant, his co-defendant Figueroa Gutierrez, an identified male, and an unidentified male quickly approach a group of four individuals seated on the Metro platform. The seated group included two identified members of a rival gang, an unidentified male and an unidentified female. Defendant Molina-Garcia is seen in the surveillance footage wearing a black t-shirt with a white Adidas logo. See Figure A below.



*Figure A*

As the 18th Street members closed in on the seated group, Defendants Molina-Garcia and Figueroa-Gutierrez and the unidentified individual began to run towards the seated group. Defendant Figueroa-Gutierrez drew a meat cleaver from his backpack and brandished it at their rivals, and Molina-Garcia drew a large knife from his waistband and did the same. Defendant Molina-Garcia is seen in the surveillance footage brandishing a knife while approaching the rival gang members. See Figure B below.



*Figure B*

At that point, the males in the seated group rose and drew knives of their own. The groups faced off for a brief period, and then Defendants and the fourth individual began to withdraw. The identified 18th Street member then approached, pulled a handgun from his backpack, and fired at least two shots at the rival gang members. Both groups left the station on separate trains. Defendant Molina-Garcia, Defendant Figueroa-Gutierrez, and the identified and unidentified 18th Street members are seen in the surveillance footage retreating while still holding their weapons, including the firearm that was discharged in the direction of the rival gang members. See Figure C.



*Figure C*

An associate of Defendant Molina-Garcia identified him from the surveillance footage. Additionally, on September 27, 2019, members of the Metropolitan Police Department ("MPD") received a radio broadcast for an armed robbery that occurred in the area of 4300 Arkansas Avenue NW, Washington, D.C.  A lookout was broadcast for a Hispanic male wearing a blue shirt who was reportedly with a group of other Hispanic males and females.  Officers canvassed and stopped four subjects in front of 3833 14th Street NW[1].  One of the individuals stopped was identified as Defendant Molina-Garcia.  Defendant Molina-Garcia gave consent for officers to search his

---

[1] 3833 14th Street NW is approximately .5 miles from the Georgia Ave-Petworth Metro station.

backpack, and inside of his backpack a large knife was discovered. All four subjects were identified and no arrests were made.

Defendant Molina-Garcia was ultimately arrested and charged with one count of Violent Crime in Aid of Racketeering—Assault with a Deadly Weapon in violation of 18 U.S.C. § 1959(a)(3) and (2), one count of Using, Carrying, Possessing, Brandishing, and Discharge a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and Carrying a Pistol Without a License in violation of D.C. CODE § 4504(a).

On June 21, 2022, the defendant agreed to pled guilty to Count 1 (Violent Crime in Aid of Racketeering) and Count 1 of a superseding information, which charged one count of Using, Carrying, and Possessing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). As part of the Rule 11(c)(1)(C) plea, the defendant and the government agreed that a sentence of 66 months (5.5 years) of incarceration, followed by three years of supervised release, is an appropriate sentence in this case. Sentencing is set for November 17 2022.

## **DISCUSSION AND RECOMMENDATION**

When determining the appropriate sentence, the District Court should consider the applicable factors set forth in 18 U.S.C. § 3553(a). *See United States v. Gall*, 128 S. Ct. 586, 596 (2007). These factors are in keeping with the traditional factors used by courts when imposing a sentence: (1) the protection of society against wrongdoers; (2) the punishment or discipline of the wrongdoer; (3) the reformation of the wrongdoer; and (4) the deterrence of others from the commission of like offenses. *See Spanziano v. Florida*, 468 U.S. 447, 477 78 (1984) (Stevens, J., concurring); *see also Williams v. New York*, 337 U.S. 241, 251 (1949). Finally, under the guidelines and Section 3553, similarly situated defendants should receive like punishments. *See* 18 U.S.C. § 3553(a)(6).

1. <u>Statutory Penalties and the U.S. and D.C. Code Sentencing Guidelines</u>

For Count 1 of the indictment, a violation of 18 U.S.C. § 1959(a)(3) carries a sentence to a term of imprisonment which may not be more than 20 years, a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $250,000, a term of supervised release of no more than 5 years in addition to such term of imprisonment, and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Count 1 of the indictment carries a base offense level of 14, with an applicable 5-level increase for the discharge of a firearm, for a total offense level of 19. That level is adjusted to 16 with acceptance of responsibility. Under the federal Guidelines, the defendant has 0 criminal history points and a Criminal History Category of I. This produces a Guidelines range of 21-27 months on Count 1 of the indictment.

For Count 1 of the superseding information, a violation of 18 U.S.C. § 924(c)(1)(A)(i) carries a mandatory minimum sentence of 5 years imprisonment, to be served consecutive with any other sentence, and a maximum sentence of life imprisonment; a fine of $250,000; and a period of supervised release of not more than 5 years. By statute the defendant faces no less than 5 years imprisonment, and the Guidelines range for this count is the statutory minimum sentence of 5 years. This results in a total Guidelines range of **81-87 months** for both counts.

2. <u>Sentencing Recommendation</u>

The government agreed in the Rule 11(c)(1)(C) plea agreement to a sentence of **66 months'** incarceration and 3 years of supervised release. Under the totality of circumstances, the government believes that such a sentence of incarceration serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

The parties have structured this plea to account for the defendant's conduct in the offense at issue.  This appropriately reflects and accounts for the fact that the defendant was engaged in dangerous gang activity for the purpose advancing the gang's interest, and that the gang activity exposed multiple individuals to physical danger.  Particularly, the defendant rushed at gang rivals while armed with a knife, and did so while flanked by fellow gang members who were armed with a firearm and meat cleaver, respectively.  That the defendant committed the offenses in broad daylight at an operational Metro station underscores the seriousness of the offenses.

Furthermore, as detailed above, the defendant perpetrated this assault due to his membership and/or association with a violent street gang[2]. The defendant's membership in an enterprise which is devoted to violence further elevates his dangerousness. The violence that was perpetrated on the Metro platform was not happenstance – it is the very conduct that is specifically encouraged and supported by the gang, and even demanded by its leadership. The defendant's willing and voluntary dedication to a street gang whose core tenets are predicated on violent acts leaves no doubt that a period of incarceration is warranted.

Balanced against the seriousness of the crime is the fact that the defendant himself did not discharge the firearm, in spite of his knowledge that his fellow gang member was armed with a firearm and could reasonably be expected to deploy that weapon against rivals.  Additionally, there do not appear to have been any injuries suffered by anyone as a result of this offense.  Also, the defendant lacks any criminal convictions, although he has had some contacts with law enforcement and local charges that were dismissed pursuant to his plea agreement with the United States.

---

[2] The United States notes that as stated in paragraph 60 on Page 14 of the Presentence Investigation Report filed on August 24, 2022, "the defendant has denied being affiliated with any gang."  This is inconsistent with the Statement of Facts and the charges to which Defendant Molina-Garcia has pled guilty.  The United States requests that the Court address this inconsistent with Defendant Molina-Garica through his counsel prior to proceeding with sentencing in this case.

The below-Guidelines sentence of 66 months of incarceration followed by 3 years of supervised release, as structured, represents a significant sentence for the defendant's first felony conviction and first firearm conviction. The government also credits the defendant's swift acceptance of responsibility in this case, which has reduced the resources that the government would have been required to expend had this case proceeded to trial. Finally, the below-Guidelines sentence takes into account the defendant's status a non-citizen, which could provide grounds for him to allow him to argue for a downward departure because his immigration status could result in an increase in the severity of his sentence. *See United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994).

## CONCLUSION

For the foregoing reasons, the government recommends that the Court sentence the defendant to 66 months' incarceration, to be followed by a term of 3 years of supervised release. The government submits that this is an appropriate sentence that serves the interests of justice and appropriately balances the sentencing factors under 18 U.S.C. § 3553(a).

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: /s/ Gilead Light
GILEAD LIGHT
JACK KORBA
AARON STEWART
Assistant United States Attorneys
United States Attorney's Office
601 D Street NW
Washington, D.C.  20530
Telephone: (202) 252-6880
Email: gilead.light@usdoj.gov

Dated: September 19, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

/s/ Gilead Light
Gilead Light
Assistant United States Attorney